# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. KIKKERT, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 14cv1725-MMA (JMA) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B)** <br><br> [Doc. No. 28] |

Shanny J. Lee, counsel for Plaintiff Richard Kikkert ("Plaintiff"), moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $29,250.00. *See* Doc. No. 28-2. Defendant filed a response in its role resembling that of a trustee for Plaintiff, and takes no position on the reasonableness of counsel's request. *See* Doc. No. 29. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 33. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for attorney's fees.

## BACKGROUND

On July 23, 2014, Plaintiff filed this social security appeal challenging the denial of his application for disability insurance benefits. *See* Doc. No. 1. The parties filed cross-motions for summary judgment, and the assigned magistrate judge issued a well-

-1-  14cv1725-MMA (JMA)

reasoned Report recommending that the Court grant Plaintiff's motion in part, and remand the case for further proceedings. *See* Doc. Nos. 11, 19, 21. On September 14, 2015, the Court adopted the Report and Recommendation in its entirety, and remanded the action to the Social Security Administration for further proceedings. *See* Doc. No. 23. The parties then filed a joint motion for attorney's fees and expenses in the amount of $5,600.00 pursuant to the Equal Access to Justice Act ("EAJA"), and costs in the amount of $400.00. *See* Doc. No. 24. The Court granted the joint motion. *See* Doc. No. 25.

On remand, the administrative law judge ("ALJ") found Plaintiff disabled within the meaning of the Social Security Act as of November 1, 2007. *See* Doc. No. 28-2 at 3. On April 17, 2018, the Social Security Administration issued a Notice of Award, "which, in addition to other details regarding Plaintiff's benefits award, acknowledged that the Administration withheld $34,252.25 from Mr. Kikkert's past due benefits for anticipated legal fees." Doc. No. 28-3 (hereinafter "Lee Decl.") ¶ 8; *see also* Doc. No. 28-4, Ex. D. Plaintiff's past-due benefits amounted to $137,009.00. *See* Doc. No. 29 at 2 n.2.

Plaintiff's counsel now moves for an award of $29,250.00 in attorney's fees for representing Plaintiff in this action. *See* Doc. No. 28-2. The total fees sought amount to $5,002.25 less than the amount set aside by the Administration from Plaintiff's past-due benefits. *See id.* at 2.

### LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).[1]

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

## DISCUSSION

On June 15, 2014, Plaintiff and the Law Offices of Charles E. Binder and Harry J. Binder, LLP entered into a U.S. District Court Retainer Agreement and Assignment (the "Agreement"). *See* Lee Decl. ¶ 4; *see also* Doc. No. 28-4, Ex. A. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency-fee of up to 25% of past-due benefits awarded by the Commissioner. *See* Doc. No. 28-4 at 2.[2] The administrative proceedings became final in April 2018 when the ALJ issued its Notice of Award.

---

[1] The lodestar calculation does not apply to the instant motion. *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorneys' fees, in contrast, are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client.").

[2] Citations to this document refer to the pagination assigned by the CM/ECF system.

Plaintiff's counsel argues that the $29,250.00 sought in the instant motion "represents less than twenty-five percent of Plaintiff's past-due benefits" and is "perfectly within the statutory ceiling" and is "therefore presumptively valid." Doc. No. 28-2 at 5. Additionally, any award granted by the Court "would then be further reduced by the $5,600.00 that has already been received in attorney's fees under the Equal Access to Justice Act." *Id.*

Upon careful review of the documents submitted, and the applicable law, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel expended 31 hours on this case. *See* Doc. No. 28-4 at 4. The *de facto* hourly rate is $943.55, and although this rate appears rather high, fees within this general range have been approved by courts in similar cases, including this Court.[3] *See Crawford*, 586 F.3d at 1153 (approving *de facto* hourly rates of $519, $875, and $902 in 2009); *Martinez v. Berryhill*, No. 13-cv-272-JLS (JLB), 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (approving *de facto* hourly rate of $886.52 and noting that "[w]hile such an hourly rate is on the higher end charged for social security appeals, the Court nonetheless concludes that the fee is reasonable in the present case."); *Richardson v. Colvin*, No. 15-cv-1456-MMA (BLM), 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (approving *de facto* hourly rate of $770); *Nash v. Colvin*, No. 12-cv-2781-GPC (RBB), 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (approving *de facto* hourly rate of $656); *Sproul v. Astrue*, No. 11-cv-1000-IEG (DHB), 2013 WL 394053, at *2 (S.D. Cal. Jan. 30 2013) (approving *de facto* hourly rate of $800). Plaintiff's counsel has also submitted a billing statement detailing the work performed in order to litigate this case in federal court. *See* Doc. No. 28-4 at 4. Moreover, "[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement," and the requested fee award of $29,250.00 is less than the 25% "statutory cap[.]" *Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018).

---

[3] The *de facto* hourly rate is calculated by dividing the $29,250.00 fee request by 31 hours.

Finally, there is nothing in the record to suggest substandard performance by counsel, delay, or a disproportionate amount of time spent on this case relevant to the benefits at stake. As a result of counsel's work, Plaintiff received a highly favorable decision and a significant award of past-due benefits. Thus, none of the factors outlined in *Gisbrecht* counsel in favor of reducing the fee award, and the Court concludes that counsel's request for attorney's fees is reasonable.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) and **APPROVES** an award in the amount of $29,250.00 to the Law Offices of Charles E. Binder and Harry J. Binder, LLP. The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff $5,600.00 in EAJA fees that counsel previously accepted for work before the Court.

**IT IS SO ORDERED.**

Dated: July 30, 2018

Hon. Michael M. Anello
United States District Judge